*1249 opinion.
MuRdock:
The petitioner argues that the sale which took place in 1926 was rescinded in 1928 except as to forty-eight lots, which could not be returned since they had been sold or encumbered by the Goldhirsch Holding Corporation; that the 1926 sale, instead of being what it then appeared to be, was in fact only a sale of the forty-eight lots, and the only profit from the sale was a certain profit on these lots. The petitioner has not shown what the Commissioner has done in regard to determining the income from the transaction in question. But assuming that he has considered the entire profit, as it appeared in 1926, to be income for 1926, we approve of his action.
Usually it is to the interest of both the taxpayer and the Government to have tax liability determined on an annual basis in the light of facts known at the end of each year. Perhaps if a certain transaction, seemingly valid, is some years later discovered to have been void ah initio, that fact may affect the tax liability of the earlier year. But in this case the evidence does not show that the transaction in question was void ah initio or that the sale was rescinded. *1250 The suit was not one for rescission of the contract, but was a suit for damages based on fraud. No verdict was ever rendered against the petitioner. The suit was settled as to all parties and the plaintiff withdrew the fraud charges. This settlement was a new transaction, for tax purposes, which had no effect upon the petitioner’s tax liability for 1926. Apparently, the Commissioner has merely refused to permit a restatément of the profit originally returned by the petitioner.

Judgment uyill be entered for the respondent.